**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEJUAN MURRAY, #199134,

       Petitioner,

                                    Civil No: 2:08-CV-10781
                                    Honorable George Caram Steeh
                                    Magistrate Judge Virginia M. Morgan

v.

RAYMOND BOOKER,

       Respondent.
_____/

**OPINION & ORDER GRANTING RESPONDENT'S**
**MOTION TO ENLARGE RESPONSE TIME [dkt. #5];**
**AND**
**OPINION & ORDER RE: PETITIONER'S MOTIONS: GRANTING MOTION**
**FOR LEAVE TO FILE SUPPLEMENTAL HABEAS  ISSUES [dkt. #12];**
**DENYING MOTION FOR APPOINTMENT OF  COUNSEL [dkt. #13];**
**DENYING MOTION FOR EVIDENTIARY HEARING [dkt. #14]**
**& DENYING MOTION FOR ORAL ARGUMENT [dkt. #15]**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of second-degree murder, assault with intent to commit murder, and felony firearm.  He was sentenced to concurrent prison terms of 20 - 40 years imprisonment for the murder and assault convictions, along with a consecutive  2 year term for the felony firearm conviction. Respondent file a "Motion for Enlargement of Time" [dkt. # 5] in which to file a response to the habeas petition.  Petitioner has filed the following motions: (1) "Motion for Leave to File Supplemental Habeas Issues" [dkt. # 12]; (2) "Motion for Appointment of Counsel" [dkt. #13]; (3) "Motion for Evidentiary Hearing" [dkt. #14]; and (4) "Motion for Oral Argument" [dkt. #15].  The Court's findings as to each motion are set forth below.

I. <u>Discussion</u>

    **A. Enlargement of Time**

Respondent has requested thirty (30) additional days pursuant to Habeas Rule 4 and Fed. R. Civ. P. 6(b) in which to file its response to the habeas petition. Respondent subsequently filed its "Answer in Opposition to Petition for Writ of Habeas Corpus" within the thirty (30) day time frame it requested [dkt. #7]. The Court accepts the filing of Respondent's answer and GRANTS the motion[1].

    **B. Supplemental Habeas Issues**

Petitioner requests that his petition be supplemented with the issue of whether there was sufficient evidence that Petitioner was the individual who shot the decedent.

A party may amend his pleading "once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ P. 15(a)(2). Respondent has already filed an answer to the habeas petition, and it has not consented in writing to Petitioner's request to file a supplemental pleading. Therefore, Petitioner may amend his habeas petition only with the Court's permission. Leave to amend should be freely given when justice so requires. See *Id.* This requirement has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. See *Anderson v. United States*, 39 Fed.Appx. 132, 136 (6th Cir. 2002).

---

[1] Petitioner filed an objection to Respondent's request for additional time to file its response. The Court reviewed Petitioner's pleading, but nonetheless finds that a thirty (30) day extension of time is reasonable and accepts the Answer filed with the Court.

An additional question in habeas cases is whether the amended pleading relates back in time to the date of the original pleading to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In *Mayle v. Felix*, 545 U.S. 644, 659-60 (2005), the Supreme Court held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." Relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. A reviewing court must look to the facts from which the claims arise.

In this case, the original petition addresses the issue of whether there was insufficient evidence that Petitioner assaulted the victim with the intent to commit murder. The amended petition seeks to supplement and clarify this claim by showing not only was there insufficient evidence that Petitioner intended to assault the decedent with the intent to murder him, but there was insufficient proof that Petitioner assaulted the decedent at all. Petitioner is not raising a new claim, but rather seeks to further substantiate the existing claim that he did not assault the deceased with the intent to commit murder. Accordingly, the amended pleading relates back to the date of the original pleading and shall be permitted and the motion is GRANTED.

### C. Appointment of Counsel

Petitioner states that in the event his requests for an evidentiary hearing and oral argument are granted, he would likewise request the appointment of counsel to assist him the litigation of this matter. (Mot. for Att., pg. 1).

A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the U.S. magistrate or the court determines that the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). The appointment of counsel for a habeas petitioner is within the discretion of the court. *Thirkield v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002).

Although there is generally no right to counsel in habeas cases, counsel may be appointed in exceptional cases. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). Such exceptional circumstances exist where a prisoner acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981). In determining whether exceptional circumstances exist, courts often look to the "type of case and abilities of the plaintiff to represent himself." *Lavado v. Keohane,* 992 F.2d at 606. Those considerations "generally involve a determination of the complexity of the factual legal issues involved." *Id.* Appointment of counsel is not appropriate where a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim. *Id.*

Although, the Court does not find Petitioner's claims to be frivolous, Petitioner has failed to show that exceptional circumstances exist which would warrant the appointment of counsel. Should the Court find after reviewing this matter in more detail that an attorney should be appointed, it will reconsider its decision. No additional motions need to be filed regarding this issue. Petitioner's motion is DENIED without prejudice.

**D. Evidentiary Hearing**

Petitioner claims that since the Court has discretion to conduct an evidentiary hearing, it should do so in this case because of his ineffective assistance of counsel claim.

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. §2254 (evidentiary hearing required only where facts necessary to determination are outside the record); and (2) whether a hearing is permitted under 28 U.S.C. §2254(e)(2).

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which if true would entitle the applicant to federal habeas relief.  Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan,* __ U.S. ___, 127 S.Ct. 1933, 1940 (2007).  In *Williams v. Taylor*, 529 U.S. 420 (2000), the Supreme Court found that the threshold determination under § 2254(e)(2) is whether the petitioner "failed to develop the factual basis" of his claim in state court proceedings. The Court reasoned:

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state

5

> court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

*Williams v. Taylor*, 529 U.S. at 437. The Court further stated that diligence "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435.

The Rule 5 materials have not been filed with the Court to date. Until the Court reviews the pleadings and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this time require the Court to deny Petitioner's motion without prejudice. However, Petitioner's motion will be reconsidered if following the Court's review of the full record, it determines that an evidentiary hearing is required. No additional motions need to be filed regarding this issue. The motion is DENIED without prejudice.

### E. Oral Argument

Petitioner requests oral argument in this case because the Court has discretion to do so and for purposes of clarifying a potential procedural default issue. See E.D. Mich. L.R. 7.1(e)(1). However, as stated above, until the Court reviews the pleadings and the Rule 5 materials, the Court is unable to determine whether oral argument is necessary or required. See Fed. R. App. P. 34(a)(2)(C). However, Petitioner's motion will be reconsidered if following the Court's review of the full record, it determines that oral argument is required. No additional motions need to be filed regarding this issue. The motion is DENIED without prejudice.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that Respondent's "Motion to Enlarge Response Time" [Dkt. # 5], is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Leave to File Supplemental Habeas Issues" [Dkt. # 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Dkt. #13] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Evidentiary Hearing" [Dkt. #14] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's  "Motion for Oral Argument" [Dkt. #15] is **DENIED WITHOUT PREJUDICE.**

Dated:  February 19, 2009

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 19, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---